1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7   KEVIN LEE MCCULLOM,                 C No. 21-cv-02515-HSG

8              Petitioner,              **ORDER OF DISMISSAL; DENYING**
                                        **CERTIFICATE OF APPEALBILITY**
9          v.

10  GREGORY AHERN,

11             Respondent.

12

13          Petitioner, an inmate at Santa Rita Jail, filed this *pro se* action[1] seeking a writ of habeas

14  corpus.[2]  For the reasons set forth below, this petition for a writ of habeas corpus is DISMISSED

15  and a certificate of appealability DENIED.

16                          **DISCUSSION**

17  **I.    Procedural History**

18          Petitioner commenced this action by filling out and filing a form petition for a writ of

19  habeas corpus.  Dkt. No. 1.  On the form, Petitioner marked that the petition concerned a

20  _____

21  [1] Petitioner is a frequent litigant and has filed over sixteen cases in this Court, although this action
    appears to be his first petition for a writ of habeas corpus: C No. 16-cv-03299-TEH, *McCullom v.*
22  *Alameda County Sheriff's Department et al.*; C No. 21-cv-01172-BLF, *McCullom v. Keen*; C No.
    21-cv-03798-BLF, *McCullom v. Unknown*; C No. 15-cv-05718-TEH, *McCullom V. Whitaker, et*
23  *al.*; C No. 16-cv-00899-TEH, *McCullom v. O'Malley et al.*; C No. 16-cv-01054-TEH, *McCullom*
    *v. Parker et al.*; C No. 15-cv-03363-HRL, *McCullom v. Bang, et al.*; C No. 16-cv-00044-HRL,
24  *McCullom v. Ahern et al.*; C No. 16-cv-00045-BLF, *McCullom v. MaGat et al.*; C No. 19-cv-
    06003-BLF, *McCullom v. Unknown*; C No. 20-cv-00220-BLF, *McCullom v. Ahern*; C No. 21-cv-
25  01524-BLF, *McCullom v. Ahorn, et al.*; C No. 21-cv-01742-BLF, *McCullom v. Still, et al.*; C No.
    21-cv-04591-BLF, *McCullom v. O'Malley*; and C No. 21-cv-05738-BLF, *McCullom v. Newsom*.
26  In C No. 20-cv-00220-BLF, *McCullom v. Ahern* ("*Ahern*"), a 42 U.S.C. § 1983 action, Judge
    Freeman issued an order to show cause why Petitioner should not be denied leave to proceed *in*
27  *forma pauperis* pursuant to 42 U.S.C. § 1915(g).  *Ahern*, ECF No. 11.  Ultimately, *Ahern* was
    dismissed pursuant to N.D. Cal. L.R. 3-11(b).
28  [2] Petitioner has not indicated whether he seeks relief pursuant to 28 U.S.C. § 2254 or 28 U.S.C.
    § 2241(c)(3).

United States District Court
Northern District of California

United States District Court
Northern District of California

conviction, but did not specify the conviction.  Dkt. No. 1 at 2.  Petitioner stated that he was

awaiting a decision from the state appellate court.  Dkt. No. 1 at 6.  The Court therefore ordered

Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court

remedies.  Dkt. No. 10.

## II.     Petitioner's Response to the Order to Show Cause

Since the Court issued the Order to Show Cause, Petitioner has filed eight pleadings.  Dkt.

Nos. 11-18.  None of these are titled an answer.[3]  More importantly, none of these pleadings

address whether Petitioner has exhausted his state court remedies or, if Petitioner is a pretrial

detainee,[4] specify whether state court criminal proceedings have concluded.  The pleadings are

lengthy, rambling narratives that are hard to follow, totaling over 130 pages of handwritten

arguments and over 50 pages of exhibits.  These pleadings primarily reiterate the following

allegations.  Petitioner alleges that state officials – judges, prosecutors, and his public defender –

are colluding to falsely imprison him, to falsely fabricate psychiatric holds, and to medicate him

against his will.  Petitioner alleges that state officials have collected his DNA to plant as evidence

---

[3] The pleadings are titled as follows: "Order to Show Cause for Ex Parte Pro Se Writ of Habeas Corpus Request for the Petitioner to Receive an Extension to Obtain Private Counsels Representation at Law," Dkt. No. 11; "Order for the State Trial Court Case No. 1750828 / CEN 4343829 to Give (Me) Kevin Lee McCullom AST468 Access to the Jury Trial Cases and the 11/15/2014 Preliminary hearing Transcripts Also My Writ of Habeas Corpus and Writ of Mandamus Motions Denial," Dkt. No. 12; "Motion Order to Request Appointment of Counsel due to State Judicials (sic) Actions Are Criminal Action That Constitute Violations of 28 U.S.C. 1962(c) of the RICO ACT Governed by 28 U.S.C.A. 1961 to 1968," Dkt. No. 13; "Motion Request for Injunctive Order Relief for Irreparable Injury to Me As a HIV+ Diagnosed Pretrial Detainee Without This Now Delta Virant (sic) Outbreak Strain Covid-19 Panademic (sic) I'm at High Risk of Contracting This Virus Which Could Result in My Death While In Custody and/or Incarcerated by Exposure Request for Release," Dkt. No. 14; "Motion for Temporary Restraining Order and Permanent Injunctive Relief to Protect Me from Irreparable Injury by These State Superior Court Judicial Officers and Other State Officials (sic) Criminal Actions That Constitute Violations of 28 U.S.C.A. 1962(c) of the RICO Act Governed by 28 U.S.C.A. 1961 to 1968," Dkt. No. 15; "Motion to Show Cause for My Need For (TRO) Temporary Restraining Order Against the Alameda County State Court's Judicial Officers and the Other California Law Enforcement Officials as State Officers (All) Engaged in a Pattern of Racketeering Activity in Violation of 28 U.S.C.A 1962(c) of the RICO Act, Governed by 28 U.S.C.A 1961 to 1968," Dkt. No. 17; and "Motion Request for a Review by Three-Judge District Court of Action by a Single Judge, 28 U.S.C. 2284(b)(3) Fed. R. Civ. 7(b) Due State Supreme Court of California Collective Administering Criminal Laws Judiciary As Our Judicial Officers and Other State Officials Engagements in a Pattern of Racketeering Activities: 28 U.S.C.A. 1962(c) of the RICO Act," Dkt. No. 18.

[4] In Dkt. No. 17, Petitioner states that he is seeking to collaterally attack past and present criminal court case proceedings.  Dkt. No. 17 at 2.

United States District Court
Northern District of California

1   at manufactured crime scenes; have retained him in local databases for parolees even though he

2   was released from custody on July 1, 2018, and is not on parole; have falsified or altered other key

3   evidence; and have intruded on the privacy interests of private citizens.  Petitioner argues that the

4   state officials' illegal activities constitute wire fraud, in violation of 18 U.S.C. § 1343, and violate

5   the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §§ 1961–1968.

6   Petitioner also alleges that county jail officials knew of his HIV+ status but pretended to be

7   unaware; that he is at heightened risk for contracting COVID-19 because of his HIV+ status; and

8   that he has not been provided with medical treatment for his HIV+ condition.  Petitioner

9   references an October 4, 2017 conviction for possession of a firearm, Dkt. No. 13 at 9; court

10  orders on July 7, 2016 and May 26, 2021 requiring him to be involuntarily medicated; and case

11  numbers 18-CR-18020/18-NIH-18020, 175082B/CEN# 4343829; a state petition for a writ of

12  habeas corpus either filed or denied on April 19, 2021 in Alameda Superior Court, Dkt. No. 11 at

13  7; a reporter's transcript of a March 18, 2019 preliminary hearing in Alameda County Superior

14  Court C No. 18-CR-18020, Dkt. No. 11-2; a December 15, 2017 fraudulently obtained plea

15  bargain that is the direct and proximate cause of the November 8, 2018 illegal search and seizure,

16  Dkt. No. 13 at 11; various court proceedings from late 2020 through May 2021, Dkt. No. 12 at 10-

17  11; a small claims civil jury trial, Dkt. No. 14 at 7-8; and a first-degree murder conviction, Dkt.

18  No. 14 at 6.  Petitioner refers to himself as a pretrial detainee yet also states that he has been

19  wrongfully convicted.  *See, e.g.*, Dkt. No. 13 at 5.  Petitioner also claims that Santa Rita Jail

20  officials have deliberately placed him with known enemies.

21          Despite having filed eight pleadings with approximately 150 pages of argument, Petitioner

22  has failed to specify what conviction he is challenging and whether he has exhausted his state

23  court remedies.  If Petitioner is a pretrial detainee challenging state custody, he has failed to

24  indicate whether state court criminal proceedings have concluded.  Accordingly, the Court

25  DISMISSES this petition for failing to exhaust state judicial remedies.  *See* 28 U.S.C.

26  § 2254(b)(1)(A)-(B) (before petitioner may bring Section 2254 petition to challenge either fact or

27  length of confinement, petitioner must first exhaust state judicial remedies, either on direct appeal

28  or through collateral proceedings); *Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980)

(although no exhaustion requirement for petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require federal court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies).

### CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

### CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, a certificate of appealability is DENIED, and all pending motions are DENIED as moot. The dismissal is without prejudice to Petitioner refiling a petition for a writ of habeas corpus after exhausting his state court remedies or after his state court criminal proceedings have concluded.

**IT IS SO ORDERED.**

Dated:  9/23/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4